The defendant is the owner of certain premises known as No. 2627 Pacific avenue, in Atlantic City.
On the 21st day of September, 1925, she executed a paper-writing in the following words: *Page 653 
 "I HEREBY AUTHORIZE THE BRAND-PITTINOS SYNDICATE AUCTIONEERS Real Estate Department
To sell for twenty-five thousand ________________________ dollars Premises 2627 Pacific Ave. ______________________________________ Subject to 1st of $20,000.00/ — five years ______________________ and in consideration of your efforts to effect a sale for the herein-described property, the undersigned grants you the sole, exclusive and irrevocable right until the 29th day of October, 1925, to offer said property for sale at auction according to the terms and conditions as set out on other side and made part thereof, and agree to execute all necessary papers, deeds, mortgages, etc., to effect a conveyance.
Brand-Pittinos Syndicate, Real Estate Department, reserves the right to refuse this listing if, in the opinion of its Appraisal Committee, the price is excessive.
 Sept. 21 — 1925. Owner ALICE V. McDUELL Owner Address 2627 Pacific Ave."
On the reverse of said writing there was a "Notice to Sellers," the only portion of which necessary to recite is: "Property listed for sale at auction cannot be withdrawn for any reason or be sold at private sale during the life of this agreement."
Prior to the expiration of the time fixed in said agreement, and prior to the sale of said premises, the defendant called on the Brand-Pittinos Syndicate and revoked all authority given by said agreement, and thereafter also caused notice to be given said syndicate of its revocation, and caused a written notice of revocation to be served on October 27th, 1925.
Notwithstanding the notices, the syndicate proceeded on the 29th day of October, 1925, to expose said premises at public sale, and the same was struck off to the highest bidder, Hiem Jacob, one of the complainants in this cause, who bid $25,000 therefor.
The said Hiem Jacob caused to be signed a page of the catalogue of the sale of that day, which reads as follows: *Page 654 
"No. 150 Catalogue Page 11
 Two-Story Brick Apartment House 2627 Pacific Avenue Cor. Spray Ave., 20 x 75
All that certain lot, tract or parcel of land and premises situate, lying and being in the city of Atlantic City, county of Atlantic and State of New Jersey.
Beginning at the intersection of the northerly line of Pacific avenue and the westerly line of Spray avenue and extending thence (1) northwardly, parallel with Spray avenue, seventy-five feet; thence (2) westwardly, parallel with Pacific avenue, twenty feet; thence (3) southwardly, parallel with Spray avenue, in part through a partition or party wall dividing the premises 2627 and 2629 Pacific avenue, seventy-five feet; thence (4) eastwardly, in and along the said northerly line of Pacific avenue, twenty feet to the place of beginning.
The improvements consist of a magnificent two-story brick apartment-house located within a half block of the Ritz-Carlton Hotel. An ideal location, unobstructed ocean view. There are two apartments of six rooms and bath each, with individual hot water heat, gas and electricity.
Subject to a first mortgage of 20,000 for five years.
Possession of the first floor apartment at time of settlement, now being occupied by the owner. Possession of the second floor apartment subject to a lease expiring April 7, 1926.
$1,000 to be paid at time of sale.
Sold subject to the terms of sale as printed on first page of catalogue for twenty-five thousand dollars.
 MARCUS BACHARACH, Agt. for HIEM JACOB."
At the same time the syndicate gave to Jacob a receipt for the deposit made by him, as follows:
 "This Receipt Must be Returned in Settlement The Brand-Pittinos Syndicate 1527-29-31 Boardwalk Real Estate Department
No. 250 ATLANTIC CITY, N.J., Oct. 29th, 1925.
Received of Marcus Bacharach, Agent for Hiem Jacob et al. one thousand __________________________________________________ dollars being the deposit paid at the Sale of Property No. 2627 Pacific Ave.
Bids and deposits are accepted only subject to the terms of sale.
 BRAND-PITTINOS SYNDICATE, Auctioneers Real Estate Department Agents for Seller Per H.C. KRAUSKOPF.
This receipt must be returned in settlement," *Page 655 
endorsed as follows:
"This receipt must be retained and surrendered at the settlement to the seller on account of the purchase money.
It is not transferrable without the written consent of the seller and after notice has been given to the auctioneers and the bid transferred on the sales book.
The purchase has been made in conformity with terms of sale, as printed in the catalogue and noted in the sales book, previous to signing.
 BRAND-PITTINOS SYNDICATE Real Estate Department 1527-29-31 Boardwalk Marine 2100."
The terms of sale on the first page of said catalogue referred to, inter alia, reads:
"Purchasers agree that they will comply with the terms of sale and make settlement within 30 days from date of sale, or within the time specified by the auctioneer, and purchaser will at once give notice in writing to the auctioneer of the delay and the cause thereof, and if any harm comes to the auctioneer because of any failure to give such notice it is agreed that the auctioneer may reimburse himself for any loss out of the deposit money, returning the balance, if any, to the purchaser.
In case of failure of title or area in any particular, in consequence of which the sale is not consummated, or in case the seller shall reserve the sale on account of the discovery of liens, assessments, restriction or claims, subject to which the buyer is unwilling to take title, the deposit money shall be returned and there shall be no further liability on the part of either the auctioneers or their principal."
Also a "Notice to Sellers" in substantially the form on the reverse of the original authorization or agreement.
At the expiration of the thirty days the complainant with others went to the title company, prepared to make settlement, and upon ascertaining that the defendant had made no arrangements to make settlement, called upon her at her home and rendered themselves as prepared to make settlement. Mrs. McDuell refused to deliver a deed, and the bill was filed praying specific performance. *Page 656 
The answer set forth three defenses —
1. The statute of frauds.
2. That the agreement had been revoked prior to the alleged sale.
3. That the syndicate at the time of the alleged sale had no legal authority to make any sale of defendant's property, or to make any agreements with any purchaser or purchasers thereof, or to bind the defendant in any way.
The second and third defenses may be considered as one in so far as the claim of revocation is to be considered.
The complainant claims that the contract was irrevocable, and, therefore, the attempted revocations were entirely ineffectual.
The law as to principals and agents is:
"Subject only to the exception that where the agent's authority is coupled with an interest, or where the authority is given as part of a security or is necessary to effectuate a security * * * the principal has absolute power to revoke an agency at any time at his mere option, either with or without reason, and thereby terminate the agent's power and authority to bind the principal by any further acts. This power is not at all affected by the fact that there is an express or implied contract between the agent and the principal, that such agency is irrevocable." 2C.J. 527, citing Walker v. John Hancock Insurance Co.,80 N.J. Law 342, 344; 31 Cyc. 1294; Elwell v. Coon,46 Atl. Rep. 580.
Under the heading of "Auctioneers" corpus juris also states: "An authority given to an auctioneer to sell may be revoked by the vendor at any time before the sale, unless it is coupled with an interest in the subject-matter." 6 C.J. 827.
The complainants insist that the auctioneers had an interest in the contract, because they had expended money in advertising, c.
There appears in this case no interest that would prevent revocation, as "an auctioneer whose authority is revoked before sale may recover what he has properly expended." 6 C.J. 840. *Page 657 
Finding that the contract was revoked prior to the sale, the receipt signed by the representative of the syndicate, after such revocation, is not binding upon the defendant.
The defendant having pleaded the statute of frauds, and I having found that the memorandum was not "signed by the party to be charged therewith or some other person by * * * her lawfully authorized," the bill must be dismissed.